UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| ROBERT CAUDILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-028-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Robert Caudill ("Caudill") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 15 and 16] Caudill seeks remand to the administrative law judge ("ALJ") for a new hearing and reconsideration of the issues set forth in his summary judgment motion with regard to his entitlement to Supplemental Security Income ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Caudill.

**I.   Background**

Caudill previously applied for SSI benefits in 1999. That claim was denied initially, upon reconsideration, and by ALJ decision dated August 28, 2001. [Tr., p. 83-92] Caudill filed another application for SSI on December 18, 2002. This second application was also denied

initially, on reconsideration, and by hearing decision issued March 17, 2005. [Tr., p. 41-49] The case was remanded to the Appeals Council on April 24, 2006. On March 31, 2005, while his appeal was pending, Caudill filed a third application for SSI. That application was denied initially and upon reconsideration, and an unfavorable hearing decision was issued April 24, 2007, consolidating the two filings. [Tr., p. 13-23] The case was remanded to the ALJ for consideration of the correct period of alleged disability and Caudill's counsel's objection to the inclusion of a report by Dr. Hughes Helm, who was not licensed at the time he examined Caudill. [Tr., p. 484]

Caudill, along with his attorney Ronald Cox and vocational expert Linda Tabor, appeared before ALJ Roger L. Reynolds via video on October 8, 2008, in Hazard, Kentucky. Through a November 25, 2008 decision, ALJ Reynolds found that Caudill was not disabled under § 1614(a)(3)(A) of the Social Security Act and, therefore, was not entitled to SSI benefits. [Tr., p. 494]

At the time of the last administrative hearing, Caudill was fifty-four years old and had an eleventh-grade education. [Tr., p. 534] He has approximately eighteen years of experience working in coal mines as a roof bolter. [Tr., p. 534-36] His alleged disability stems from diabetes and pain in his back, shoulder, and legs. [Tr., p. 124] After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Caudill suffered from the severe impairments of degenerative disc disease at L3/4 and L4/5 with small herniated nucleus pulposus at L5/S1; insulin dependent diabetes mellitus; rule-out cardiomegaly; adjustment disorder with depressed mood; borderline intellectual functioning, estimated; developmental reading disorder;

alcohol abuse/dependence, allegedly in remission; and hypothyroidism. [Tr., p. 487] Notwithstanding these impairments, the ALJ found that Caudill retained the residual functional capacity ("RFC") to perform light work

> with lifting and carrying only from tabletop or countertop level of approximately 20 pounds occasionally and 10 pounds frequently; standing a total of approximately 6-8 hours in an 8-hour workday and approximately 1 hour without interruption; sitting a total of approximately 6-8 hours and approximately 1 hour without interruption; requires a sit/stand option at one-hour intervals; can occasionally climb stairs with handrails, ladders, scaffolds or stepstools; occasionally balance, stoop, crouch, kneel and crawl. There must be no constant, uninterrupted use of upper extremities for 8 hours of an 8-hour workday for purposes of reaching, handling, feeling and pushing/pulling; must avoid unprotected heights, moving machinery, temperature extremes, chemicals, dust, fumes, excessive humidity and all other usual pulmonary irritants.

[Tr., p. 489-90] The ALJ further found that Caudill has

> a fair ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, and maintain attention/concentration. He has poor ability to understand, remember and carry out complex job instructions. He has fair ability to understand, remember and carry out detailed but not complex job instructions. He has good ability to understand, remember and carry out simple job instructions. He has fair ability to maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability.

[Tr., p. 490] This RFC is identical to the RFC in the August 28, 2001 hearing decision. [*Id.*, n.1] As a result of ALJ Reynolds's assessment, Caudill was denied SSI. [Tr., p. 494]

## II. Standard of Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th

Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006); *see* 20 C.F.R. 416.920. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy

that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.    Analysis

Caudill alleges that the ALJ erred in finding that he was not disabled. In support, he asserts that the ALJ: (1) applied the wrong grid rule and improperly failed to consider moving him into the "advanced age" category; (2) improperly failed to consider Listing 12.05C regarding

mental retardation; and (3) failed to give proper weight to the opinion of a treating physician. Each of Caudill's arguments is addressed below.

### A. Grid Rules

#### 1. Illiteracy

Caudill first argues that the ALJ should have found him disabled pursuant to Rule 202.09 because he is illiterate and limited to light work. [Record No. 15, p.9] Table 2 of Appendix 2 to Subpart P of 20 C.F.R. Part 404 is used to determine the disability status of claimants, like Caudill, whose maximum sustained work capability is limited to light work. Rule 202.09 under Table 2 provides that a person "[c]losely approaching advanced age" who is "[i]lliterate or unable to communicate in English" and who has unskilled or no work experience is considered disabled. 20 C.F.R. 404P app. 2, tbl.2, R. 202.09.

Rule 202.09 is inapplicable to Caudill for two reasons. First, Caudill is not illiterate. Rather, ALJ Reynolds determined that Caudill has a "limited education." [Tr., p. 492] This is consistent with the 2001 hearing decision, in which the ALJ also found that Caudill had a limited education – i.e., that he was not illiterate. [Tr., p. 92; *see* 20 C.F.R. 416.964(b)] The Sixth Circuit has held that "a subsequent ALJ is bound by the findings of a previous ALJ" unless the evidence shows a change in the claimant's condition or there is "new and additional evidence" supporting a different conclusion. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). There was no evidence of a change in Caudill's education level, and no new evidence was presented suggesting that his education level was anything other than limited.

Caudill's claim of illiteracy is based on the 2000 evaluation by Dr. Cooke, whose report was considered by the previous ALJ in 2001. [Record No. 15, p. 9]

Moreover, there is substantial evidence supporting the finding that Caudill has a limited education and is not illiterate. Illiteracy is defined under the regulations as "the inability to read or write." 20 C.F.R. § 416.964. A person who is illiterate "cannot read or write a simple message such as instructions or inventory lists," and "[g]enerally, an illiterate person has had little or no formal schooling." *Id.* Although Caudill stated during the October 2008 hearing that he "[doesn't] read and write very well," ALJ Reynolds noted in his decision that Caudill had previously testified that he could read and write a grocery list. [Tr., p. 488] Caudill also indicated on at least two other occasions that he could read and write. [Tr., p. 123, 137] Furthermore, Caudill attended school through the eleventh grade. [Tr., p. 534] The regulations provide that a seventh- through eleventh-grade education is generally considered a limited education. 20 C.F.R. § 416.964. Thus, the ALJ properly found that Caudill had a limited education.

Second, Rule 202.09 does not apply because Caudill does not have unskilled or no work experience. Rather, the vocational expert found that Caudill's past work was semiskilled but that the skills were not transferable. [Tr., p. 548] "Skilled or semiskilled – skills not transferable" is a separate category under the regulations. *See, e.g.*, 20 C.F.R. § 404P app. 2, tbl.2, R. 202.11. Thus, the ALJ did not err in not applying Rule 202.09.

### 2.     Age Category

Caudill maintains that the ALJ improperly relied on Caudill's age as of the date of the 2002 application instead of his age at the time of the hearing and, therefore, erred in failing to consider the possibility of using an older age category. [Record No. 15, p. 9, 11] Caudill's assertion that the ALJ did not consider his current age is clearly incorrect. ALJ Reynolds stated in his decision that "[t]he claimant was born on January 26, 1954 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed. *The claimant subsequently changed age category to closely approaching advanced age* (20 CFR 416.963)." [Tr., p. 492 (emphasis added)] Additionally, the October 8, 2008 hearing included the following exchange between ALJ Reynolds and Caudill:

> Q:    [Y]ou're 54 now aren't you?
>
> A:    Yes.
>
> Q:    You'll be 55 in January?
>
> A:    Yes.

[Tr., p. 546] The ALJ also pointed out to the vocational expert that Caudill was fifty-four years old. [Tr., p. 550] In short, it is clear that ALJ Reynolds was aware of and considered Caudill's correct age.

Caudill argues that, because he was within a few months of age fifty-five at the time of the hearing, his case presented a "borderline situation" that required the ALJ to consider moving him into the "advanced age" category, which would have resulted in a finding that he was

disabled under Rule 202.01.[1]  [Record No. 15, p. 9, 11]  The regulations provide that age categories will not be mechanically applied in borderline situations and that if a claimant is "within a few days to a few months of reaching an older age category" and would be considered disabled using that category, "the overall impact of all the factors of [the] case" will be evaluated to determine whether the older age category should be applied.  20 C.F.R. § 416.963(b).

Caudill was approximately four months from his fifty-fifth birthday on the date of the hearing.  Under Rule 202.02, an individual of "advanced age" (age fifty-five or older) who, like Caudill, has a limited education and skilled or semiskilled previous work experience but no transferable skills is considered disabled.  Thus, Caudill would have been found disabled if the ALJ had moved him up to the "advanced age" category.  His case, therefore, presents a "borderline situation."  *See* 20 C.F.R. § 416.963(b).

The Sixth Circuit has stated, however, that "an ALJ does not have a procedural obligation to address a claimant's borderline age situation in his opinion or explain his reasons for arriving at a particular age categorization."  *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400-01 (6th Cir. 2008).  In cases where a claimant has significant "additional vocational adversities" such an explanation may be necessary in order to satisfy the substantial evidence standard, *id.* at 401, but this is not such a case.  Substantial evidence supports the ALJ's determination that Caudill is not disabled.  ALJ Reynolds discussed at length the medical evidence of record and Caudill's testimony at the October 2008 hearing.  He concluded:

---

1   Even if the ALJ had determined that it was appropriate to move Caudill up to the "advanced age" category, Rule 202.01 would not have applied since, as explained above, Caudill's work experience is properly categorized not as unskilled, but as "[s]killed or semiskilled – skills not transferable."  [Tr., p. 548]

> After listening to the claimant's testimony, observing his demeanor and evaluating said testimony in light of the objective medical records, it appears that the claimant is trying to make his symptoms sound significantly more severe than they actually are. The degree of pain and other symptoms alleged by the claimant is significantly greater than that which can be reasonably anticipated based upon the objective physical findings, i.e., normal orthopedic and physical examination notwithstanding the presence of degenerative disc disease. The lack of treatment further controverts his allegations.

[Tr., p. 491] An ALJ's assessments of a claimant's credibility are entitled to deference by a reviewing court and should be upheld "unless they are inherently incredible or patently unreasonable." *Bobo v. United States Dep't of Agric.*, 52 F.3d 1406, 1416 (6th Cir. 1995). Here, the ALJ described extensive medical evidence in the record supporting a finding of not disabled, including "repeated instances of noncompliance with treatment" with regard to Caudill's diabetes mellitus. [*Id.*; *see* 20 C.F.R. 416.960] In sum, the determination that Caudill was not entitled to SSI benefits was supported by substantial evidence, notwithstanding the lack of explanation regarding the ALJ's decision not to apply the older age category.

      **B.**    **Listing 12.05C**

Caudill next asserts that the ALJ improperly failed to consider Listing 12.05C regarding mental retardation. While the ALJ did not specifically address the issue of whether Caudill qualifies as mentally retarded under 12.05C, he did properly adopt the 2001, 2005, and 2007 hearing decisions, in which the ALJs concluded that Caudill was not mentally retarded. [Tr., p. 18, 43, 45, 87-88, 486-87] As noted above, the Sixth Circuit held in *Drummond* that "a subsequent ALJ is bound by the findings of a previous ALJ" absent evidence of a change in the claimant's condition or "new and additional evidence" supporting a different conclusion. 126 F.3d at 842. ALJ Reynolds discussed the evidence as to Caudill's mental functioning and noted

the absence of any mental health treatment. [Tr., p. 488-89] He found no evidence in the record suggesting a change in Caudill's condition. [Tr., p. 487] In arguing that he may be mentally retarded, Caudill continues to rely on the same evidence (Dr. Cooke's 2000 report) that was considered by the previous ALJs. [Record No. 15, p. 11-12] However, ALJ Reynolds was bound by the earlier findings on this report.

Furthermore, while there is some "new and additional evidence" regarding Caudill's mental capacity, *Drummond*, 126 F.3d at 842, it does not support a finding of mental retardation. In June 2005, Dr. Ann Demaree reviewed Dr. Cooke's report and completed a Mental Residual Functional Capacity Form. [Tr., p. 403-21] Dr. Demaree did not find Listing 12.05C to be applicable. [Tr., p. 408, 412] Thereafter, Dr. H. Thompson Prout reviewed and affirmed Dr. Demaree's findings. [Tr., p. 422-40] Notably, Dr. Demaree's report adopted the March 17, 2005 ALJ decision. [Tr., p. 406, 420] In that decision, the ALJ stated, "There is no evidence that [Caudill] is mentally retarded" and observed that the evidence "show[ed] an adaptive functioning inconsistent with mental retardation." [Tr., p. 43, 45] ALJ Reynolds thus did not err in failing to address Listing 12.05C.

        **C.**     **Opinion of Dr. Varghese**

Finally, Caudill asserts that the ALJ did not give proper weight to the opinion of his treating physician, Dr. Varghese. [Record No. 15, p. 12] A treating physician's opinion "as to the nature and severity of a claimant's conditions" will be given controlling weight provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (internal quotation omitted) (alteration in original).  If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision.  *Id.*  These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).  Here, the ALJ concluded, as had the previous ALJs, that Dr. Varghese's opinion was "inconsistent with the weight of the evidence."  [Tr., p. 492; *see also* Tr., p. 21, 89]  ALJ Reynolds noted that Dr. Varghese "based his opinion in part upon the claimant's 'uncontrolled' diabetes mellitus; however, the current medical evidence of record demonstrates that his diabetes mellitus can be controlled when he is compliant with treatment."  [Tr., p. 492]

Dr. Varghese's opinion was not given controlling weight in the 2001 decision because the ALJ found that "his opinion is not supported by his own treatment notes, x-ray results or other laboratory findings" and that the opinion "is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion."  [Tr., p. 89]  ALJ Reynolds' decision contained extensive discussion of the medical opinions of consultative examiner Dr. Burns and Caudill's more recent treating physician, Dr. Johnson, who noted in December 2006 that Caudill was "pretty non-compliant" with treatment for his diabetes mellitus.  [Tr., p. 491]  These opinions supported a finding of not disabled.

In summary, ALJ Reynolds provided sufficiently specific "good reasons" for not giving controlling weight to Dr. Varghese's opinion.  Furthermore, his conclusion that Dr. Varghese's opinion was not entitled to controlling weight was consistent with the decisions of the earlier

ALJs who had considered it. He was bound by those findings. *See Drummond*, 126 F.3d at 842. Thus, ALJ Reynonds did not err in giving the opinion less than controlling weight.

### IV.  Conclusion

Although Caudill has established that he suffers from some medical impairments, he has not established that those symptoms are severe enough to warrant Supplemental Security Income. The ALJ did not use an incorrect age in applying the grid rules, and his failure to discuss why he did not put Caudill in the "advanced age" category was not error. The ALJ did not err in omitting discussion of Listing 12.05C or in giving the opinion of Dr. Varghese less than controlling weight. Viewing the record as a whole, substantial evidence supports ALJ Reynolds's determination that Caudill is not disabled. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Robert Caudill's Motion for Summary Judgment [Record No. 15] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 16] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 9th day of October, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge